TuRley, J.
delivered the opinion of the court.
From the case agreed it appears that Abraham Zimmerman, at the April term, 1841, obtained a judgment against the plaintiff in error, John W. Mosier, administrator upon the estate of Isaac Crouch, and Allen Crouch, by default* At the December term following a writ of enquiry of damage's was executed; and judgment final was rendered against said administrator de bonis testatoris for the sum of $335 75. On the 20th day of December, 1841, John W. Mosier, administrator as aforesaid, filed his bill in Chancery, suggesting the insolvency of his intestate’s estate; and on the 24th of the same month obtained an injunction, staying proceedings on the part of the creditors of said estate against the administrator at law. On the 9th day of May, 1842, Zimmerman issued a writ of scire facias against said John W. Mosier, administrator, seeking to charge him de bo?iis propriis with payment of the judgment so rendered as aforesaid. Upon the hearing of the case agreed, the Circuit Judge gave judgment against the administrator de bonis propriis, to reverse which he prosecutes his writ of error to this court.
That at common law a judgment rendered against an executor or administrator upon a false plea, or by default, was an admission of assets sufficient to satisfy the debt at the time, and that he was estopped thereby from denying the truth of the fact upon the attempt to charge him de bonis propriis for a devastavit, has been long settled by a train of well considered adjudications. The common law seems to have had a peculiar regard for the vigilant litigant. _So much so that the protection extended to him has grown into a maxim, vigilantibus non dormientibus leges subvcnient. , It is not intended to enter into an investigation of the justice of this maxim; let it suffice, that it has not been considered in Courts of Chancery as always an evidence of right, and particularly in the administration of the effects of deceased persons, which that court, whenever it could get jurisdiction, has invariably distributed, not upon that principle, but upon the principle, that all creditors had an equal equity to *64 payment of their debts, and a distribution pro rata of the fund when it was not sufficient for all. In furtherance of this view, and to cause this to be the mode of distribution in all insolvent estates, the act of 1833, ch. 36, and of 1838, ch. Ill, were passed.
By the 1st section of the act of 1833, it is provided, “That when any estate of any person deceased shall be insolvent, or which may be suggested to the proper authority to be insolvent by any creditor, it shall be the duty of such authority to make an order upon the person to whom administration may be granted, to give notice by advertisement in some newspaper published within this State, and also at the court-house door in the county, for all persons having claims against said estate to appear and file their claims on or against a day fixed by such notice.”
The 6th section provides, “That no action brought, judgment, bill single or note of hand, shall have precedence over unliquidated accounts, which shall be presented and filed authenticated as required by the act, but that all such claims be acted upon as being of equal grade.”
This act not being found adequate for the carrying into full effect the design intended by it, that of 1838 was passed to supply the defects.
The 1st section of that act provides, that the effects of all insolvent estates shall be distributed among the creditors agreeable to the principles of the act of 1833, that is, without preference.
The 2d section provides for proceedings by Bill in Chancery on the part of the creditor, administrator or executor, and au-thorises the Chancellor to enjoin all proceedings in the County Court under the provisions of the act of 1833, and also to commencing or prosecuting all suits at law against the estate, and that such bill may be filed at any time after the estate is or shall be reported insolvent to the County Court.
The 5th section provides, that in “no case where an estate shall be ascertained to be insolvent, shall any executor or administrator be rendered personally responsible by reason of any false plea pleaded by him.”
*65 These statutes are to receive such construction as will advance the remedy intended by, them, and suppress the evil. The evil to be suppressed, was the power given by the law to a vigilant and active creditor to appropriate all the effects of an insolvent estate to his own claim, to the exclusion of other creditors of equal merit, but of less rapaciousness or astuteness, and the remedy is to compel a pro rata distribution in such cases..
In order to make this remedy effectual the 6th section of the act of 1833 has destroyed the dignity of claims as recognized by the common law, and put judgments^ bills single, notes of hand and unsettled accounts, upon the same footing, requiring that they shall be acted upon as of equal grade. And the 2d section of the act of 1838, has authorized an injunction of all suits against such estate. And the 5th section in making provision for all cases of the character now under consideration, provides, that although judgment may have been rendered against the administrator before the estate has been ascertained to be insolvent; yet he shall not be made liable personally by reason of any false pleading, if the estate be ascertained to be insolvent before such liability is fixed upon him, and the proper steps taken by him under the statutes of 1833 and 1838.
These statutes then, in any point of view in which they may be looked at, have made ample provision for thepro rata distribution of the effects of insolvent estates among the creditors, whether they be creditors by judgments against the testator or intestate in his lifetime, or against his executor or administrator after his death, whether, by bill or note, or unliquidated -accounts; an<2 there is no case in which such creditor can obtain a satisfaction of his entire debt out of the effects of the estate to the injury of other creditors, or out’of the effects of the administrator or executor, by charging him de bonis propriis for his false pleading; the remedy being effectual to enforce all creditors, of every grade and description, whether claiming by judgments against the deceased or his personal representatives, by bill, bond, note or account, into an equitable settlement in a Court of Chancery, the proper steps being taken therefor.
These steps have been taken by the defendant in the present case; a bill has been filed, and an injunction issued to stay suits *66 at law against tbe estate whieb he represents; this injunction is operative upon the present suit, and the Circuit Judge erred in giving judgment de bonis propriis against the administrator; it is therefore reversed, and the case is remanded to the Ci rcuit Court to abide the proceeding in the Court of Chancery.